UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRANDON P. LEE**                                      **CIVIL ACTION**

**VERSUS**                                              **NO. 19-10362**

**ROBERT TANNER, WARDEN**                               **SECTION: "G"(5)**

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

## Procedural History

Petitioner, Brandon Lee, is a convicted inmate currently incarcerated at the Rayburn Correctional Center in Angie, Louisiana. In March 2012, he was charged with forcible rape of a juvenile.[1] He initially pleaded not guilty. On August 20, 2012, he pleaded guilty as charged.[2] He was sentenced to a term of 20 years with the first two years to be served

---

[1] State Rec., Vol. 1 of 1, Bill of Information.

[2] State Rec., Vol. 1, Minute Entry, 8/20/12; *see also* Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty. The state court record does not include a copy of the transcript of the guilty plea proceedings held this date.

without benefit of probation, parole or suspension of sentence.

Lee did not appeal. Five and a half years later, on or about January 17, 2018, he submitted a motion for production of documents to the state district court. The record reflects that certain documents were provided to him.[3] On or about January 31, 2018, Lee submitted a "Motion to Compel District Attorney to Surrender Discovery to Defendant Free of Charge." The state district court denied the motion on February 5, 2018. On or about March 26, 2018, Lee submitted a motion for new trial for filing with the state district court. The motion stated that in February 2018, he filed a complaint against his public defender with the disciplinary board and finally received a copy of his case file and was only then able to "seek formally trained offender counsel's professional assistance" to present his motion to the court. He argued that he should have been charged and tried as a juvenile, his attorney should not have advised him to plead guilty "knowing he was innocent" at "the ripe young age of seventeen," because there was no evidence adduced during the investigation to support the victim's rape allegations, and the court failed to consider his psychiatric history. The new-trial motion was construed as a procedurally improper post-conviction relief application and denied on April 6, 2018.

On May 7, 2019, Lee filed his federal application for habeas corpus relief in this Court. He asserts several claims of ineffective assistance of counsel.[4] The State argues that the

---

[3] State Rec., Vol. 1, Motion for Production of Documents; Response to Request for Production of Documents issued January 23, 2018; and Order issued January 24, 2018.

[4] Rec. Doc. 1, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. He asserts that his public defender was inadequate for failing to raise any questions on his behalf, file any motions, request a mental health evaluation and in refusing to withdraw as his counsel

2

federal application is untimely and the claims are unexhausted and procedurally defaulted because he can no longer seek review in the state courts.[5]

## Analysis

*A. Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  28 U.S.C. § 2244(d)(1)(A).[6] With regard to finality, the United States Fifth Circuit Court of Appeals has explained:

The statute of limitations for bringing a federal habeas petition challenging a

---

upon his request.

[5] Rec. Doc. 8.

[6] Section 2244(d)(1) includes alternate provisions for other events that can trigger the commencement of the statute of limitations that do not apply in this case.  Title 28 U.S.C. § 2244(d) provides:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

Lee pleaded guilty and was sentenced on August 20, 2012. His state criminal judgment became final, for federal limitations purposes, 30 days later, on September 19, 2012, because he did not seek reconsideration of the sentence or move to appeal.[7] Accordingly, the AEDPA one-year limitations period commenced on that date and expired one year later, on September 19, 2013, unless that deadline was extended through tolling.

B. *Statutory Tolling*

The one-year limitations period is subject to statutory tolling for the time during

---

[7] *State v. Counterman*, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has 30 days to file a motion to appeal his conviction or sentence. La. Code Crim. P. art. 914.

4

which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, Lee filed nothing during the relevant one-year time-period, *i.e.*, September 19, 2012 through September 19, 2013. Lee filed a motion for production of documents and a motion seeking discovery of the district attorney's file materials in January 2018. However, motions requesting transcripts or other documents are not considered applications "for State post-conviction or other collateral review," for tolling purposes. Rather, motions for production of documents are considered preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. *Higginbotham v. Tanner*, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); *Parker v. Cain*, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), *certificate of appealability denied*, No. 03-30107 (5th Cir. June 23, 2003); *Boyd v. Ward*, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), *certificate of appealability denied*, No. 01-30651 (5th Cir. Aug. 22, 2001).

Affording liberal construction to his motion for new trial, Lee's first attempt to file an application for post-conviction relief with the state district court occurred in March 2018. However, by that time, the one-year federal limitations period had long since expired. Therefore, the post-conviction relief application could not possibly afford him any tolling benefit. *See Madden v. Thaler*, 521 F. Appx. 316, 320 (5th Cir. 2013); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, Civ. Action No. 99–3867, 2000 WL 1023423, at *4, *aff'd*, 253 F.3d 702 (5th Cir. 2001) (citing *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000)). Simply put, once the federal limitations period

expired, "[t]here was nothing to toll."[8]   *Butler,* 533 F.3d at 318.   Lee is therefore not entitled to statutory tolling credit pursuant to Section 2244(d)(2).

   *C. Equitable Tolling*

The AEDPA's one-year statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).   A petitioner seeking equitable tolling must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)); *see also Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (petitioner bears the burden of proof to establish entitlement to equitable tolling).

Lee suggests that he is entitled to equitable tolling because he was only 17 years old at the time of his conviction, has a "grade 7 special ed education," and a history of mental health problems throughout his teenage years.    He also states he was unaware of any legal deadlines for seeking post-conviction relief and had no attorney to file motions on his behalf following his conviction.[9]

The record contradicts Lee's suggestion that he was uninformed about deadlines for

---

[8] Even though the federal limitations period had long since expired by that time, the Court also notes that the application was not "properly filed" so as to afford him any tolling benefit regardless.   To be considered "properly filed" for purposes of Section 2244(d)(2), an application's delivery and acceptance must comply with the applicable laws and rules governing filings, such as time limitations.   *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)); *see also Williams v. Cain*, 217 F.3d 303, 306-308 & n. 4 (5th Cir. 2000).   As the state district court order sets forth, Lee's application was untimely.

[9] Rec. Doc. 1-2, p. 1.

preserving his right to post-conviction relief. The pertinent minute entry from the date of his guilty plea reflects that he was informed, as required under state law, that he had two years after the conviction and sentence became final to seek post-conviction relief and 30 days from the date of his conviction to appeal. The guilty-plea waiver form also confirms that he was specifically informed about and understood the time limits for seeking post-conviction relief.[10] The language included on the forms and his signature acknowledging he understood sufficed as notice under state law. La. Code. Crim. P. art. 930.8(C). Nonetheless, there is no similar obligation on the part of the state district judge to notify petitioner of any possible rights or remedies he may have under *federal* law. Thus, similar arguments raised by petitioners regarding lack of notice under state law or confusion about the time under state law are typically unavailing on federal habeas review and routinely rejected by federal district courts as attempts to establish entitlement to equitable tolling of the federal limitations period. *See, e.g.*, *Miller v. McCain*, Civ. Action No. 18-4724, 2019 WL 297438, at *2 (E.D. La. Jan. 23, 2019) (petitioner's assertion that the trial court failed to inform him of the two-year limitation for filing a *state* application for post-conviction relief has no bearing on his ability to file a *federal* application); *Puderer v. Vannoy*, Civ. Action No. 17-324, 2018 WL 1319023, at *8 (E.D. La. Jan. 26, 2018), *adopted* 2018 WL 1287621 (March 13, 2018) (rejecting petitioner's assertions that he mistakenly relied upon the two-year limitations period under state law or lacked instructions as to the federal limitations period as "extraordinary circumstances" warranting equitable tolling); *Harper v. Hubert*, Civ. Action

---

[10] State Rec., Vol. 1, Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty, Nos. 15, 16.

No. 06-10556, 2008 WL 4534097, at *3 (E.D. La. Oct. 7, 2008) (finding federal application untimely and rejecting claim that trial court's failure to advise of prescriptive period for seeking state post-conviction relief violated petitioner's rights). Lee has not shown how the omission under state law, even if one did occur, constitutes extraordinary circumstances that would support equitable tolling of the federal limitations period. *See Purderer*, 2018 WL 1319023, at *8 (citing *Santinac v. Cain*, Civ. Action No. 06-6260, 2011 WL 765742, at *2 (E.D. La. Feb. 23, 2011) (Zainey, J) (Order and Reasons) and *Cooper v. Travis*, Civ. Action No. 08-0021, 2010 WL 3523022, at *2 (E.D. La. Sept. 2, 2010)) (Africk, J) (Order and Reasons)).

Lee also implies that he should be entitled to equitable tolling because he lacked the professional legal skills and knowledge to protect himself and was unfamiliar with the judicial system. However, it is well-settled that pro se status alone or lack of knowledge of filing deadlines do not constitute an extraordinary circumstance that justifies equitable tolling. *See, e.g.*, *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (prisoner's pro se status and lack of knowledge of filing deadline did not warrant equitable tolling); *accord Gonzales v. Wilkinson*, 269 F. Appx. 481, 486 (5th Cir. 2008). Neither a petitioner's "pro se status nor his unfamiliarity with the law suffices as a basis for equitable tolling." *Madden v. Thaler*, 521 F. Appx. 316, 323 (5th Cir. 2013); *accord Nelson v. Quarterman*, 215 F. Appx. 396, 398–99 (5th Cir. 2007) ("[A] defendant's pro se status will not excuse an untimely habeas petition."); *see also Smallwood v. Cain*, Civ. Action No. 12–2812, 2013 WL 5757663, at *10 (E.D. La. Oct. 23, 2013) ("The fact that Smallwood is not educated in the law or is reliant upon assistance from inmate counsel on post-conviction does not warrant equitable tolling.").

Broadly and liberally construing his argument regarding counsel's failures as a possible suggestion of abandonment following his guilty plea by failing to preserve any direct appeal rights, he still is not entitled to equitable tolling.[11] While complete attorney abandonment may qualify as an "extraordinary circumstance" for equitable tolling purposes, even that does not, in and of itself, excuse the petitioner from his duty of diligence. *Manning v. Epps*, 688 F.3d 177, 184 n. 2 (5th Cir. 2012) (citing *Maples v. Thomas*, 565 U.S. 266, 132 S.Ct. 912, 924, 181 L.Ed.2d 807 (2012)). Here, the record plainly refutes any suggestion by Lee that he exercised reasonable diligence. The state-court record shows no attempt on his part for more than five years after his conviction became final in 2012 to seek review of any kind. His belated motion for new trial (*i.e.*, procedurally deficient post-conviction application) was not filed until 2018. His federal petition was filed more than a year after that "application" was denied.

Furthermore, even if trial counsel's failure to pursue a direct appeal on Lee's behalf could be considered abandonment, it only implicated his direct appeal obligations and has not been shown to have impacted his ability to pursue collateral relief in a timely manner. *See Purderer*, 2018 WL 1319023, at *8 (petitioner has not shown that his counsel's actions in failing to file a direct appeal "stood in the way and prevented timely filing" for post-conviction relief) (citing *Robinson v. Davenport*, Civ. Action No. 2:15cv462-MHT, 2017 WL

---

[11] Lee does not allege that his counsel was retained to file an appeal or any post-conviction relief application on his behalf. In fact, counsel negotiated a plea agreement and Lee acknowledged that by pleading guilty he was aware that he waived his right to appeal. According to Lee, trial counsel informed him that she could not file a motion for new trial on his behalf because she was no longer his attorney. *See* Rec. Doc. 1-2.

2819041, at *3-4 (N.D. Ala. May 24, 2017) (equitable tolling not justified where there was no causal connection between counsel's failure to file a direct appeal and petitioner's delay in filing his habeas petition), *adopted*, 2017 WL 2819307 (M.D. Ala. June 29, 2017); *Bing v. United States*, Nos. CV415–002, CR412–084, 2015 WL 4092699, at *2 (S.D. Ga. July 6, 2015) (no causal connection between counsel's failure to file a direct appeal and petitioner's failure to pursue collateral relief in a timely fashion), *adopted*, 2015 WL 6756168 (S.D. Ga. Nov. 4, 2015), *certificate of appealability denied*, No. 15-15680 (11th Cir. May 17, 2016); *Mendoza v. Legrand*, No. 3:10–cv–00545–LRH–WGC, 2013 WL 876014, at *7-8 (D. Nev. Mar. 7, 2013) (alleged deficiency by counsel in failing to consult with petitioner regarding a direct appeal and/or state post-conviction relief did not stand in the way of and prevent the filing of a federal petition); *see also Sallie v. Chatman*, 34 F.Supp.3d 1272, 1288-89 (M.D. Ga. 2014) (no nexus between "abandonment" and late filing of federal petition where petitioner knew counsel would not represent him 10 months before the expiration of the AEDPA statute of limitations period)).

Finally, Lee suggests that equitable tolling should apply because he was an uneducated, troubled 17-year-old who suffered from mental health issues and a dysfunctional childhood. He has not alleged specifically how his age or limited education prevented him from pursuing post-conviction relief or habeas review. He was only three months shy of his eighteenth birthday when he pleaded guilty and executed the guilty plea waiver forms. Neither his age at the time of conviction nor his lack of education and legal expertise constitute exceptional circumstances for purposes of equitable tolling. *See, e.g.*, *Scott v. Stinson*, Civ. Action No. 17-2633, 2017 WL 6942442, at *6 (E.D. La. Dec. 18, 2017),

*adopted*, 2018 WL 399315 (E.D. La. Jan. 12, 2018); *Reyes v. California Dept. of Corr.*, No. ED CV 14–2385-JAK(E), 2015 WL 3849179, at *9 (C.D. Cal. Feb. 18, 2015) ("Neither Petitioner's age at the time of his conviction and sentence nor Petitioner's alleged lack of sophistication or legal expertise demonstrate an entitlement to equitable tolling."), *adopted* 2015 WL 3866044 (C.D. Cal. June 19, 2015); *Minniefield v. Gomez*, No. 301CV1396 (DJS), 2004 WL 722003, at *3 (D. Conn. Mar. 29, 2004) ("The mere fact that a person is sixteen or seventeen years of age is not an extraordinary impediment to filing a timely petition in federal court."). Here, the record demonstrates that Lee was 18 years old for the majority of the relevant one-year federal limitations period.[12]  Furthermore, on his written waiver forms he indicated that he had a seventh-grade education and could read, write and understand the English language "a little."  He explicitly acknowledged that his attorney had reviewed with him the statute which sets a time limit on filing for post-conviction relief, and that he understood that no applications would be considered outside of the two-year period.  His motion for new trial appears to suggest that he was inhibited more so by his inability to obtain documentation and trained offender counsel's assistance than his personal circumstances. An inability to obtain transcripts of the plea proceedings at which Lee was present and represented does not merit equitable tolling.  *Walker v. McCain*, Civ. Action No. 16-16170, 2017 WL 5197232, at *5 (E.D. La. Aug. 16, 2017), *adopted* 2017 WL 5177928 (E.D. La. Nov. 8, 2017).

"Although mental illness may warrant equitable tolling, a petitioner (i) must make a

---

[12] State Rec., Vol. 1, Commitment Order.

threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petition." *Jones v. Stephens*, 541 F. Appx. 499, 505 & n. 34 (5th Cir. 2013). Lee has made neither showing in this case. He offers only minimal, generalized assertions unsupported by any objective evidence that would establish he suffers from mental incompetence severe enough to impair his ability to file timely for relief. "While mental illness *may* toll AEDPA's statute of limitations, it does not do so as a matter of right." *Smith v. Kelly*, 301 F. Appx. 375, 378 (5th Cir. 2008) (district court did not abuse its discretion by declining to equitably toll AEDPA's one-year limitations period given Smith's conclusory assertions regarding mental illness, and the apparent lack of diligence in pursuing federal habeas relief); *Williams v. Hooper*, 2:19-cv-0198, 2019 WL 3331621 (W.D. La. May 30, 2019) (rejecting equitable tolling and finding no support for claimed diagnoses of paranoid schizophrenia, manic depression, and gender dysphoria, and no explanation of how or to what extent they prevented him from determining what legal action petitioner must take), *adopted* 2019 WL 3331707 (W.D. La. July 23, 2019).

Inexplicably, although Lee pleaded guilty and his conviction became final in September 2012, he did not file a state post-conviction relief application until 2018, or his federal application until 2019. For the reasons expressed, he has not established entitlement to equitable tolling.[13]

---

[13] Although not raised by Lee, the Court notes that neither the United States Supreme Court's holdings in *Martinez v. Ryan*, 566 U.S. 1 (2012) nor *Trevino v. Thaler*, 569 U.S. 413 (2013), permit Lee to avoid the application of the AEDPA statute of limitations or provide a basis for review of his untimely federal petition asserting claims of ineffective assistance of trial counsel. *See, e.g., Crawford v. Rogers*, Civ. Action No. 15-6961, 2016 WL 4530618, at *4 n. 19 (E.D. La. July 29, 2016); *Lyles v. Tanner*, Civ. Action No. 13-655, 2014 WL 4674673 (E.D.

*D. Actual Innocence*

In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass... [to excuse] the expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare[.]" *Id*. To succeed on this claim, a petitioner must present a credible claim of actual innocence based on "new reliable evidence... that was not presented at trial," and he "must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of that new evidence of his factual innocence. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).

Lee has not asserted his actual innocence as an exception to the statute of limitations, and it is not clear that the exception even applies under these circumstances where he pleaded guilty to the crimes. *Kennedy v. Tanner*, Civ. Action No. 14-655, 2015 WL 1758022, at *4 n. 24 (E.D. La. Apr. 17, 2015). Furthermore, he has not made a colorable showing of his actual innocence based upon any "new reliable evidence" alleged or included with his federal application.[14]

---

La. Sept. 17, 2014).

[14] Although the Court is aware that his motion for new trial filed in state court includes allegations that he is actually innocent, he has not made this argument in his federal application. Furthermore, a valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. His motion for new trial includes only self-serving, conclusory assertions based on purported evidence contained in his attorney's case file.

**RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Lee's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[15]

New Orleans, Louisiana, this   20th   day of        August        , 2019.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[15] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.